BENJAMIN B. WAGNER
United States Attorney
MATTHEW MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-0090 GEB |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| THEODORE ALLEN LELEAUX, | DATE: March 18, 2016
TIME: 9:00 a.m.
COURT: Hon. Garland E. Burrell, Jr. |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 18, 2016.

2. At that status conference, the Court requested that the parties explicate more thoroughly the factual bases underlying the requested exclusion of time pursuant to the Speedy Trial Act.

3. Accordingly, by this stipulation, defendant now moves to continue the status conference until May 13, 2016, and to exclude time between March 18, 2016, and May 13, 2016, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes physical evidence available for review by his counsel, as well as reports. This

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1 discovery has been either produced directly to counsel and/or made available for inspection and copying.

     b)    Counsel for defendant desires additional time to conduct investigation and research related to the charges and proposed forthcoming changes to the United States Sentencing Guidelines that might affect his defense strategy.  Specifically, defense counsel has been made aware of forthcoming amendments to the U.S.S.G. that could potentially reclassify the defendant's prior conviction as no longer a predicate offense that exposes the defendant to a significantly higher Guidelines range.  <u>See</u> U.S.S.G. Proposed Amendment: "Crime of Violence" and Related Issues (proposed Aug. 12, 2015, effective Aug. 1, 2016).  Because this reclassification would potentially make the defendant eligible for a dramatically reduced Guidelines range, understanding the applicability of the Proposed Amendment is necessary for effective defense preparation and strategic decision-making as to trial or resolution.  Defendant was previously convicted under Cal. Penal Code § 261.5, which the Proposed Amendment may reclassify.  In order to ascertain the applicability of the Proposed Amendment to this case and the precise statute of defendant's prior conviction, defense counsel continues to do additional legal research, which includes engaging in ongoing discussions with outside counsel to bring their relevant expertise to bear on the instant case.  The uncertainty of the law in this area has made this research and consultation time-consuming.  Finally, these tasks also necessarily involve further discussions with the defendant in order to keep him informed of the results of said research and consultation.

     c)    Accordingly, defense counsel requests that the additional time needed for continuing this legal research, discussions with outside counsel, strategic planning regarding trial or resolution, and engagement with the defendant, all in order to engage in effective defense preparation and provide for continuity of counsel, be excluded from the computation of time under the Speedy Trial Act.

     d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e) The government does not object to the continuance.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 18, 2016 to May 13, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 18, 2016        BENJAMIN B. WAGNER
                  United States Attorney

                  /s/ Matthew M. Yelovich for
                  MATTHEW MORRIS
                  MATTHEW MORRIS
                  Assistant United States Attorney

Dated:  March 18, 2016        /s/ Jason Lawley
                  Jason Lawley
                  Counsel for Defendant
                  THEODORE ALLEN
                  LELEAUX

**[Remainder of page left intentionally blank]**

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: March 18, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge